Hon. C. Voorhies,
Hon. A. M. Buchanan, } *Associate Justices.*
Hon. A. N. Ogden,

Slidell, C. J., was absent during this Term. Campbell, J., had resigned and the vacancy had not been filled.

---

## Isaiah A. Paschal *v.* Union Bank of Louisiana.

A judgment was obtained on an accommodation note made by plaintiff, and discounted for his benefit by defendant. In the petition the name of the second endorser was stated as that of the payee. An amended petition was filed correcting this error. Another amended petition was filed making the third endorser a party This suit was brought to annul the judgment, on the ground that neither of the amended petitions had been served on the plaintiff, who had in the meantime permanently left the State. *By the Court*—The misdescription of the payee in the original petition was immaterial under the circumstances—as between *Paschal* and the Bank. The Bank was the real payee of the note, and all the names on the back of it, were but securities for the return of the money lent by the Bank directly to *Paschal*.

Under the circumstances a judgment by default might have been confirmed against *Paschal*, by producing the note, even had no amendments been filed.

APPEAL from the District Court of the parish of Rapides, *Cushman*, J. *W. B. Hyman*, for plaintiff.

*H. & S. L. Taylor*, for appellant:

1st. The amendments made to the original petition were as to the form, and not the substance of the action, and did not require either answer or a judgment by default to be taken. The *contestatio litis* was therefore formed and the judgment rendered regular and binding—vide 2 L. R. 392, 3 M. R. 398, 12 R. R. 138, and cases cited. 6 Ann. 250.

2d. The plea in reconvention should have been received—C. P. 375, Act 1839, sec. 7, p. 164; 5 Ann. 3, 150; 4 ibid. 136; 12 R. R. 423.

3d. There was no *merger* of the original debt in the judgment—vide Bouvier Law Dictionary verbum "merger"—4 Kent, page 99 to 103; Pothier on Ob., No. 606; 4 Toullier, New Brus. edition, sec. 421, 423, 424; 3 L. R. 552; C. C. 2214, 2215, 801 to 808.

4th. The service of citation on *Brewer* arrested prescription, and the original debt still subsists and is demandable—C. C. 3484, 3486, 3516, 3517; 12 L. R. 530; 17 ibid. 218; 6 R. R. 142.

BUCHANAN, J. The plaintiff asks to have a judgment against him annulled, on the ground that he had not been served with copies of two supplemental or amended petitions, filed in the suit in which that judgment was rendered.

The original suit was one upon a promissory note, of which the present plaintiff (under a different name,) was maker, and three other persons were endorsers. The note was in the negotiable form, payable to the order of the first endorser, and by the other two endorsed in blank. It was, however, in reality an accommodation note, as appeared by the words "credit the drawer," written at the bottom of it, and signed with the initials of the two last endorsers. This note became the property of the present defendants in the course of their business, and there is no more doubt in our minds than there was with our predecessors, (see *Union Bank* v. *Brewer*, 2 Ann. 835,) that the present plaintiff and maker of the note, presented the note to the bank for discount and received its proceeds.

The note being unpaid at maturity, was put in suit by the holder, the bank, against the maker, who was duly served with citation. But an error was made in the petition in describing the note—the name of the second endorser being given as payee. In the opinion of the counsel of the bank, this error required rectification, and he filed, with leave of court, an amended petition, declaring the name of the first endorser as payee. He still filed a second amendment of his pleadings, making the third endorser a party. Neither of these amendments were served upon the present plaintiff, who had in the mean time permanently left the State.

In our opinion, there was no necessity for service of these amendments. The misdescription of the payee in the original petition was immaterial, under the circumstances, as between *Brewer* (*Paschal*) and the bank. The bank was the real payee of the note, and all the names on the back of it, were mere securities for the return of the money lent by the bank directly to *Brewer* (*Paschal*.) Courts of Justice are constantly in the habit of looking into the origin of promissory notes, for the purpose of ascertaining the true relations of the parties to each other, notwithstanding the instrument having assumed a form, which would imply entirely different relations. The District Court would, under the circumstances, have been right in receiving in evidence the note of *Brewer* (*Paschal*) to confirm the default of the Union Bank, even had no amendments been filed. The present plaintiff is without any shadow of right to complain.

It is therefore decreed, that the judgment of the District Court be reversed, and that there be judgment for defendant, with costs in both courts.